United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VINTON FROST,

    Plaintiff,

v.

OFFICE OF THE ATTORNEY GENERAL,

    Defendant.

No. C 17-04983 JSW
Related No. C 17-07072 JSW
Related No. C 18-00469 JSW

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS IN ALL RELATED MATTERS**

On nine occasions over the past few years, Plaintiff Vinton Frost, appearing pro se, has sued multiple federal officials in various capacities and over various alleged infractions. All of the lawsuits appear to originate with the same alleged incident, which occurred in 2011 at Stanford relating to an alleged beating that initiated a series of traumatic events negatively affecting Plaintiff. All nine lawsuits either originate with this original incident or attempts by Plaintiff to get documents from federal officials allegedly related to the incident, or to address Plaintiff's beliefs that the additional federal officials have conspired to destroy the records. Five of the nine cases have been dismissed; this Court has three related cases pertaining to the same set of alleged facts. After numerous motions and filings from Plaintiff, the Court now addresses the motions filed by the federal defendants in the related matters to dismiss the complaints and to declare Plaintiff a vexatious litigant.

**A.     Legal Standards.**

The complaint must set out a "short and plain statement" and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Because Plaintiff is proceeding pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The Court however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Srewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Under the substantiality doctrine, the district court lacks subject matter jurisdiction over a claim where the question presented is too insubstantial to consider. *See e.g., Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985) (citation omitted); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (dismissing claims against a senator and other government officials, stating "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction . . . when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.") A complaint is considered "frivolous" if it "lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). A complaint may be dismissed as "factually frivolous" only if the facts alleged are "clearly baseless" which encompasses allegations that are fanciful, fantastic and delusional. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In these related cases, Plaintiff's complaints, even when construed quite liberally, appear to allege claims that are subject to dismissal. The Court finds, overall, that the factual allegations made by Plaintiff in his many pleadings indicate more fantastical thinking than a legitimate basis for legal relief.

//
//
//

2

**B.** *Frost v. Office of the Attorney General.*

In the matter, 17-cv-04983 JSW, *Frost v. Office of the Attorney General*, the Court finds that Plaintiff's claims, even as multiple times amended, to be both factually deficient and barred by sovereign immunity. *See Balser v. Dep't of Justice, Office of U.S. Trustee*, 327 F.3d 903, 907 (9th Cir. 2003) (holding that sovereign immunity is a jurisdictional bar unless the United States has consented to be sued on a particular claim). "Absent a waiver, sovereign immunity shield that Federal Government and its agents from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Here, Plaintiff has failed to allege any waiver of sovereign immunity that would provide jurisdiction to hear his claim. The statute provisions he invokes – Federal Records Act of 1950, 44 U.S.C. Section 3101, 3105, and 3106 – do not expressly waive immunity or provide for a private right of action. *See, e.g., Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 148 (1980) (finding that rather than an private right of action, the remedial enforcement scheme for a violation of Federal Records Act is the enforcement from the head of the agency to inform the Attorney General of the violation).

Even without the jurisdictional bar of immunity, the Court finds that Plaintiff's claims lack factual support. Although the Court has construed the pleadings liberally, there lacks a fundamental credibility to the allegations themselves. For instance, Plaintiff alleges that former Attorney General Loretta Lynch "authorized or knowingly failed to prevent the destruction of Plaintiff's FOIA-responsive records." (Complaint at 4.) Plaintiff supports this factual contention upon his "knowledge and belief [] based on interviews and communications with DOJ staff and attorneys." (*Id.*) The Court is not persuaded that there is a reasonable factual basis upon which to make the claims Plaintiff attempts to make, regardless whether such claims could be realleged under another statutory framework that may provide a private right of action and a waiver of sovereign immunity.

Having found neither a factual or a legal basis for his claims, the Court GRANTS Defendants' motion to dismiss this case.

**C.** *Frost v. Blum.*

In the matter, 17-cv-07072 JSW, *Frost v. Blum*, the Court finds that it lacks subject matter jurisdiction over criminal statute claims. Plaintiff alleges claims under 18 U.S.C. section 371, a

criminal statute that does not provide a private right of action and punishes conspiracies by two or more persons to "commit any offense against the United States." In addition, Plaintiff appears to be making the claim that the conspiracy was waged against him, not against the United States, thereby failing to make a claim under the statute. In addition, Plaintiff relies upon the omnibus clauses of 18 U.S.C. sections 1503 and 1505, criminal statutes which also do not confer a private right of action for a civil claim or constitute a waiver of sovereign immunity. *See, e.g., Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997) ("18 U.S.C. § 1503 is a criminal statute that does not provide for a private right of action."). Because there is no private right of action or waiver of sovereign immunity under the provisions cited by Plaintiff, he fails to state a cognizable claim.

In addition, the Court finds the factual allegations lacking merit. Liberally construed, Plaintiff alleges that several government officials and private individuals conspired together to influence former Attorney General Loretta Lynch to "put an end to DOJ's work to prosecute members of a secret elite" who were allegedly responsible for the incident at Stanford that was the subject of Plaintiff's original lawsuit.[1] Plaintiff further alleges that a large number of people, including former U.S. Attorney Brian Stretch, were involved in a scheme to destroy documents relevant to the investigation. Although sympathetic to the Plaintiff, the Court finds these factual allegations to lack substantial merit and to stem from fantasy rather than any plausible claim for violations of federal law which might properly invoke the jurisdiction of this Court.

Having found neither a factual or a legal basis for his claims, the Court GRANTS Defendants' motion to dismiss this case.

**D.** *Frost v. United States Department of Justice.*

In the matter, 18-cv-00469 JSW, *Frost v. United States Department of Justice*, Plaintiff alleges that in violation of his privacy rights in another proceeding, 17-cv-01240 JCS, *Frost v. Department of Justice*, the U.S. Attorney, James A. Scharf, publicly disclosed private facts about Plaintiff. First, it appears that Plaintiff had previously disclosed the substance of the allegedly private information contained in the disputed filings, thereby waiving his claim. Second, Scharf

---

[1] Plaintiff's original complaint, filed in *Frost v. Steyer*, Case No. 16-cv-05883 NC, was dismissed on the basis that the allegations were found to be "factually frivolous" and the suit was dismissed without leave to amend as frivolous and lacking a viable claim for relief.

4

immediately took corrective action to protect access to the disputed documents, thereby removing them from the public view. Accordingly, there is no claim under the Privacy Act for intentional or willful infraction of Plaintiff's rights or factual support for the $5 million damages requested. Again, having found neither a factual or a legal basis for his claims, the Court GRANTS Defendants' motion to dismiss this case.[2]

**E.   Request to Declare Plaintiff a Vexatious Litigant.**

Having received multiple filings in multiple cases all derived from the same set of original facts, the Court must caution plaintiff that it will not entertain multiple frivolous filings in the future. Federal courts have the inherent power to regulate the activities of vexatious litigants. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Under the power of 28 U.S.C. section 1651(a), courts may restrict litigants with abusive and lengthy histories from filing further actions. However, here, because Plaintiff has not filed any additional matters in the recent past and this order resolves his outstanding cases, the Court DECLINES to declare him a vexatious litigant, which would subject all his future filings to pre-filing restrictions and review. Plaintiff is admonished that, should he continue to pursue these related and now dismissed matters before this Court, the Court shall revisit the determination regarding his conduct as a vexatious litigant.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the three related cases pending before the udnersigned: (1) 17-cv-04983 JSW, *Frost v. Office of the Attorney General*; (2) 17-cv-07072 JSW, *Frost v. Blum*; and (3) 18-cv-00469 JSW, *Frost v. United States Department of Justice*. Separate judgments shall issue in each matter and the Clerk is directed to close the case files.

**IT IS SO ORDERED.**

Dated: December 20, 2018

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] Still finding that, in an abundance of caution, there are privacy interests in the disputed submissions as determined by Judge Spero in 17-cv-01740 JCS, this Court maintains that the documents should remain inaccessible to the public view and places the exhibits filed in this matter under seal. (*See* Case No. 17-cv-04983, Docket Nos. 35-2, 66, 69.)

5